UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IBELOLA JACKSON,<br><br>              Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>              Defendant. | CASE NO. 13-cv-05066 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 13, 14, 15).

After considering and reviewing the record, the Court finds that the ALJ's failure to acknowledge plaintiff's morbid obesity is not harmless error. Therefore, this matter shall be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, IBELOLA JACKSON, was born in 1973 and was 19 years old on her initial alleged date of disability onset of May 1, 1992 (*see* Tr. 146, 153). Plaintiff completed high school and attended a community college but was unable to get out of basic education into college courses (Tr. 46). Plaintiff has worked as a recreation youth coordinator, has been a cook (Tr. 49) and was self employed "doing hair" and some babysitting until August, 2009 when her "back started, like all kind of different stuff started happening" (Tr. 48).

Plaintiff has at least the severe impairments of "degenerative disc disease of the lumbar spine; [and] cognitive disorder secondary to remote traumatic brain injury (20 CFR 404.1520(c) and 416.920(c))" (Tr. 13). At the time of the hearing, plaintiff was living in an apartment with her two daughters (Tr. 34-35).

## PROCEDURAL HISTORY

On December 15, 2009, plaintiff filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 146-152, 153-156). The applications were denied initially and following reconsideration (Tr. 71-76). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on December 6, 2011 (*see* Tr.

ORDER ON PLAINTIFF'S COMPLAINT - 2

28-70). At this time, plaintiff amended her alleged onset date of disability to October 1, 2009 (*see* Tr. 11). On March 6, 2012, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 8-24).

On December 28, 2012, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-7). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in late January, 2013 (*see* ECF No. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on May 13, 2013 (*see* ECF Nos. 10-11).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or not the ALJ satisfied his burden of producing evidence of a significant number of jobs that plaintiff could perform; (2) Whether or not the ALJ's failure to consider the impact of plaintiff's obesity on her other impairments was error; and (3) Whether or not the errors in the administrative law judge's decision are harmful and warrant remand for further benefits or for payment of benefits (*see* ECF No. 13, pp. 1-2).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which

can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled pursuant to the Act only if claimant's impairment(s) are of such severity that claimant is unable to do previous work, and cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina v. Astrue*, 674 F.3d 1104, 1117-1122 (9th Cir. 2012); *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009).

## DISCUSSION

**(1) Whether or not the ALJ's failure to consider the impact of plaintiff's obesity on her other impairments was error.**

The record reflects that on August 23, 2009, plaintiff presented with cough and back pain (*see* Tr. 248). The examiner noted during her physical examination of plaintiff that plaintiff was an "**Obese female,**" although she did not include plaintiff's exact weight on this date -- just before plaintiff's amended onset date of October 1, 2009 (*see* Tr. 249 (emphasis in original); *see also* Tr. 11). On October 6, 2009, plaintiff's weight is listed in the record at 315 lbs (*see* Tr. 281). At 72 inches tall, plaintiff's body mass index ("BMI") at the beginning of her amended alleged onset date of disability was 42.7. *See, e.g.*, http://www.nhlbi.nih.gov/guidelines/obesity/BMI/bmicalc.htm, last visited March 16, 2014. In order to be considered obese, her BMI must have been over 30. *See id.* Therefore, plaintiff was well into the obese range at the initial date of her amended onset of disability. Also on October 6, 2009, plaintiff examiner noted that her "Nourishment type is obese" (*see* Tr. 281; *see also* Tr. 305 (October 2, 2009 note that plaintiff was an "obese female")).

Here, the ALJ failed to mention plaintiff's obesity, and according to plaintiff, committed legal error. Defendant contends that it only is error if there is evidence of limitations resulting from obesity that are not included into the RFC.

According to Social Security Ruling, "SSR," 02-01p, the Administration "consider[s] obesity to be a medically determinable impairment and remind[s] adjudicators to consider its effects when evaluation disability . . . . [ALJs are] to

consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process." 2002 SSR LEXIS 1 at *2-*3 (2002). Here, there is no evidence that this was done, and no evidence that the Administration complied with its own ruling. *See id.*

Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356). The Court does not find it plainly erroneous or inconsistent with the Act for ALJs to be required to analyze explicitly the effects of obesity on a claimant's impairment(s) during the course of the sequential disability evaluation process.

On January 29, 2010, plaintiff received a neurosurgery consultation for her low back pain and left leg weakness (*see* Tr. 340). During physical examination, Dr. A. Alex Mohit, M.D. noted that plaintiff was "an obese African American female" (*see* Tr. 340). Furthermore, importantly, when providing his concluding impression and plan, Dr. Mohit indicated that plaintiff was experiencing "Lumbar spondylosis in this setting of obesity" (*see* Tr. 341).

Although defendant correctly notes that Dr. Mohit did not ascribe specifically any particular limitation to plaintiff as a result of her obesity, it is clear from the record that Dr. Mohit opined that plaintiff's obesity was relevant to her low back pain and was relevant to the determination of how plaintiff's impairment of lumbar spondylosis was impacting her (*see id.*). Therefore, the Court cannot conclude that plaintiff's obesity was not significant, probative evidence that needed to be addressed by the ALJ and cannot uphold the ALJ's decision that makes no mention of plaintiff's obesity. The Court notes that almost two years later, on November 1, 2011, plaintiff's weight is listed still at over 320 lbs (*see* Tr. 468).

In order for plaintiff, at her height of six feet tall, to be no longer obese, plaintiff would have needed to drop her weight from over 320 pounds to under 220 pounds. *See, e.g.,* http://www.nhlbi.nih.gov/guidelines/obesity/BMI/bmicalc.htm. Defendant's contention that plaintiff's obesity is irrelevant to the ALJ's determination of plaintiff's limitations from her severe impairment of degenerative disc disease of the lumbar spine is unpersuasive, as is the argument that plaintiff's obesity was not a severe impairment in of itself. Plaintiff was not only obese, she was morbidly obese, having a BMI over 40. *See, e.g.,* R. Sturm and A. Hattori, *Morbid Obesity Rates Continue to Rise Rapidly in the United States*, Int'l. J. Obesity, 2013 June; 37(6): 889-91 ("Clinically severe or morbid obesity (body mass index (BMI) > 40 or 50 kg m(-2)) entails far more serious health consequences than moderate obesity for patients, and creates additional challenges for providers").

Here, because the ALJ failed to note plaintiff's obesity, the Court is unable to determine if the ALJ was aware of plaintiff's obesity. The Court cannot conclude with confidence that the ALJ considered plaintiff's obesity, but concluded without discussion that it was not a severe impairment. Although it is possible that the ALJ silently considered properly plaintiff's obesity, and that he had proper reasons to conclude that there was no more than a minimal effect on plaintiff's ability to work as a result of her obesity, no such reasoning is reflected in the decision.

The Court notes that according to Social Security Ruling ("SSR") 02-1p,

> [An ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. [The ALJ] will evaluate each case based on the information in the case record.

2002 WL 34686281, 2002 SSR LEXIS 1 at *15.

Here, there is no indication that the ALJ evaluated plaintiff's obesity at all.

A failure to discuss a claimant's obesity is not a harmful error automatically; however, based on the record in this case, the Court concludes that plaintiff's morbid obesity in the presence of back pain and degenerative disc disease is significant, probative evidence that the ALJ erred in failing to discuss.

Although the ALJ "need not discuss *all* evidence presented," in this case, the ALJ should have explained why the "significant probative evidence [of plaintiff's obesity] has been rejected." *See Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981)).

The Court also concludes that this error was not harmless error. If the ALJ had considered plaintiff's morbid obesity, it is likely, or at least possible, that the resultant RFC for plaintiff would have been affected, and hence, the ultimate determination regarding non-disability was affected. For this reason, the stated reasons herein, and relevant record, the Court concludes that the ALJ's failure to note plaintiff's obesity is not irrelevant to the ultimate disability determination, and concludes that this matter must be reversed and remanded for further consideration. *See Molina v. Astrue*, 674 F.3d 1104, 1117-1122 (9th Cir. 2012); *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009).

**(2) Whether or not the ALJ satisfied the burden of producing evidence of a significant number of jobs that plaintiff could perform.**

Here, the ALJ found at step four of the sequential disability evaluation process that plaintiff met her burden to demonstrate that she could not conduct any past relevant work, as she did not have any past relevant work (Tr. 18). Hence, he determined plaintiff's residual functional capacity ("RFC") and moved on to the step five determination regarding plaintiff's ability to do other work existing in significant numbers. Plaintiff assigns multiple errors to this step. However, the Court already has concluded that this matter must be reversed and remanded to the Administration for further consideration *see supra*, section 1. Therefore, the Court need not address this issue further as the RFC may change after further review. The Court notes, however, that defendant conceded an error at step five of the sequential disability evaluation process, and the ALJ assigned to this matter following remand should provide an exhaustive list of

jobs at step five that plaintiff could have performed, if the number of jobs identified is low.

**(3)  Whether or not the errors in the administrative law judge's decision are harmful and warrant remand for further benefits or for payment of benefits.**

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. The ALJ completely failed to discuss plaintiff's obesity. In addition, it is unclear if plaintiff's RFC allows for performance of the final assembler and toy stuffer jobs alone, or if there are other jobs existing that help the Administration meet its burden to demonstrate jobs existing in significant numbers that plaintiff could have performed. Furthermore, the decision whether to remand a case for additional evidence or simply to

1  award benefits is within the discretion of the court.  *Swenson v. Sullivan*, 876 F.2d 683,
2  689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir.
3  1988)).
4     The ALJ is responsible for determining credibility and resolving ambiguities and
5  conflicts in the medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)
6  (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).  If the medical evidence
7  in the record is not conclusive, sole responsibility for resolving conflicting testimony and
8  questions of credibility lies with the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th
9  Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing
10 *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

## CONCLUSION

The ALJ failed to acknowledge plaintiff's morbid obesity, committing harmful legal error.

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 19th day of March, 2014.

J. Richard Creatura
United States Magistrate Judge